UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| ALEXANDER N. ASANOV, | : | CIVIL NO. 1:06-CV-0611 |
| | : | |
| Plaintiff | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| GLEN H. DAVIDSON, et al., | : | |
| | : | |
| Defendants | : | |

**<u>ORDER</u>**

The plaintiff commenced this action by filing a complaint on March 23, 2006.  On July 26, 2006, the plaintiff filed an amended complaint.


The amended complaint names as defendants: 1) Glen H. Davidson, a United States District Judge for the Northern District of Mississippi; 2) Jerry A. Davis, a United States Magistrate Judge for the Northern District of Mississippi; 3) Goulson, Hicks & Nichols, P.A., a law firm; 4) Dewitt Hicks, Jr., an attorney licensed to practice law in the state of

Mississippi and a partner in Goulson, Hicks & Nichols, P.A.;

5) M. Jay Nichols, an attorney licensed to practice law in the

state of Mississippi and a partner in Goulson, Hicks & Nichols,

P.A.; 6) Marina Y. Hunt, the plaintiff's ex-wife; 7) Marvin Hayes

Hunt, the husband of Marina Y. Hunt; 8) unidentified members of

organized crime; 9) the Federal Bureau of Investigation (FBI);

10) the Internal Revenue Service (IRS); and 11) the United States

Citizenship and Immigration Services.

The plaintiff alleges that defendants Marina Hunt and

Marvin Hayes Hunt committed numerous acts of theft, fraud,

falsification of documents, and deletion of unique research data

of the plaintiff.  The plaintiff alleges that the Hunts filed a

lawsuit against him in the United States District Court for the

Northern District of Mississippi.  He alleges that the lawsuit

did not have any merit or legal cause.  He alleges that

defendants Davidson and Davis conspired with the Hunts and their

attorneys (defendants Hicks, Nichols, and Goulson, Hicks &

Nichols, P.A.) in connection with the processing of the lawsuit.

The plaintiff alleges that the lawsuit in the Northern District

of Mississippi caused him significant damage in terms of time,

lost projected income, and lost business and research opportunities.

The plaintiff alleges that defendants the FBI, the IRS and the United States Citizenship and Immigration Services failed to investigate the alleged crimes of the other defendants and failed to prevent the alleged harm to the plaintiff.

The plaintiff is seeking compensatory and punitive damages.

On August 9, 2006, defendants Davidson and Davis filed a motion to dismiss the amended complaint and a brief in support of that motion.  On August 17, 2006, defendants Hicks, Nichols and Goulson, Hicks & Nichols, P.A. filed a motion to dismiss the amended complaint and a brief in support of that motion.  On August 23, 2006, defendants Marina and Marvin Hayes Hunt filed a motion to dismiss the amended complaint and a brief in support of that motions.  On August 25, 2006, defendants FBI, IRS and United States Citizenship and Immigration Services filed a motion to dismiss the amended complaint and a brief in support of that

motion.  On October 1, 2006, the plaintiff filed a motion to drop

the FBI as a defendant.  By a separate Report and Recommendation,

we have recommended that the plaintiff's motion to drop the FBI

as a defendant be granted and that the defendants' motions to

dismiss the amended complaint be granted.   We recommended that

the motions to dismiss filed by defendants Davidson, Davis,

Hicks, Nichols, Goulson, Hicks & Nichols, P.A., Marina Hunt and

Marvin Hayes Hunt be granted on the basis that the court lacks

personal jurisdiction over these defendants.  We recommended that

the motion to dismiss file by defendants the IRS and the United

States Citizenship and Immigration Services be granted on the

basis that neither a *Bivens* claim nor a negligence claim can be

brought against these agencies of the United States.


        In this Order, we address a number of pending motions.


        The plaintiff has filed two motions for the appointment

of counsel.


        Given our recommendation that the defendants' motions to

dismiss be granted, we conclude that the plaintiff's claims do

4

not have merit.  We also conclude that the plaintiff is able to effectively represent himself in this case.   We do not think that the appointment of counsel would have changed the outcome on the motions to dismiss.  Accordingly, after analyzing and weighing the factors set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), we will deny the plaintiff's motions for the appointment of counsel.

On August 17, 2006, defendants Hicks, Nichols and Goulson, Hicks & Nichols, P.A. filed a motion to dismiss the amended complaint and a brief in support of that motion.  These defendants argued that this court lacks personal jurisdiction over them.  In their motion, these defendants stated that the United States Court of Appeals for the Third Circuit had recently dismissed the appeal by the plaintiff of another case against them.  The representation regarding the Third Circuit dismissing the plaintiff's appeal was not correct.  On August 29, 2006, defendants Hicks, Nichols and Goulson, Hicks & Nichols, P.A. filed an amendment to their motion to dismiss correcting the misstatement made in their motion and indicating that the plaintiff's appeal in the other case is currently pending in the

Third Circuit, that the appeal has been briefed by all parties,
that the Third Circuit did issue an order on August 8, 2006 but
that that order only dismissed the plaintiff's petition for a
writ of mandamus which was given a separate docket number from
the plaintiff's appeal.

On August 29, 2006, the plaintiff filed a motion for
sanctions against defendants Hicks, Nichols and Goulson, Hicks &
Nichols, P.A. based on the misstatement regarding the plaintiff's
appeal made by those defendants in their motion to dismiss.  The
plaintiff has not filed a brief in support of that motion.
Pursuant to Local Rule 7.5, Rules of Court, M.D. Pa, the motion
is deemed withdrawn.  We note, however, that even if the motion
were not deemed withdrawn, given that the defendants corrected
their misstatement before the plaintiff filed his motion for
sanctions, there is no basis to sanction the defendants.

On October 2, 2006, the plaintiff filed a second amended
complaint.  Pursuant to Fed.R.Civ.P. 15(a), the plaintiff needed
leave of court or written consent of the defendants to amend his
complaint a second time.   Because the plaintiff did not seek

6

leave of court to file a second amended complaint, did not attach
to his second amended complaint written consent of the defendants
to the amendment and did not indicate in his second amended
complaint that he obtained written consent of the defendants to
file a second complaint, by an Order dated October 10,
2006, the plaintiff's second amended complaint (doc. 31) was
stricken from the record.

On October 12, 2006, the plaintiff filed a motion for
permission to file a second amended complaint.  The plaintiff has
not filed a brief in support of that motion.  Pursuant to Local
Rule 7.5, Rules of Court, M.D. Pa, the motion is deemed
withdrawn.  We note, however, that if the motion for permission
to amend were not deemed withdrawn, we would nevertheless deny
the motion given that the proposed second amended complaint (doc.
31) does not sufficiently allege a basis for the court to
exercise personal jurisdiction over the defendant (Nelson Smith)
sought to be added to this case by that complaint.

On October 19, 2006, defendants Marina and Marvin Hayes
Hunt filed a motion for Rule 11 sanctions against the plaintiff

7

and a brief in support of that motion.  The time for the plaintiff to file a brief in opposition to that motion has not yet expired.  We will address that motion when it has been fully briefed.

      **IT IS ORDERED** that the plaintiff's motions (docs. 9 & 26) for the appointment of counsel are **DENIED.  IT IS FURTHER ORDERED** that the plaintiff's motion (doc. 23) for sanctions and the plaintiff's motion (doc. 33) for permission to file a second amended complaint are **DEEMED WITHDRAWN.**

                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge

Dated:  November 1, 2006.

8