UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ALEXANDER N. ASANOV,          :      CIVIL NO. 1:06-CV-0611
                              :
          Plaintiff           :      (Judge Conner)
                              :
     v.                       :      (Magistrate Judge Smyser)
                              :
GLEN H. DAVIDSON, et al.,     :
                              :
          Defendants          :


**<u>REPORT AND RECOMMENDATION</u>**


I. Background and Procedural History.


     The plaintiff commenced this action by filing a complaint

on March 23, 2006.  On July 26, 2006, the plaintiff filed an

amended complaint.


     The amended complaint names as defendants: 1) Glen H.

Davidson, a United States District Judge for the Northern

District of Mississippi; 2) Jerry A. Davis, a United States

Magistrate Judge for the Northern District of Mississippi;

3) Goulson, Hicks & Nichols, P.A., a law firm; 4) Dewitt Hicks, Jr., an attorney licensed to practice law in the state of Mississippi and a partner in Goulson, Hicks & Nichols, P.A.; 5) M. Jay Nichols, an attorney licensed to practice law in the state of Mississippi and a partner in Goulson, Hicks & Nichols, P.A.; 6) Marina Y. Hunt, the plaintiff's ex-wife; 7) Marvin Hayes Hunt, the husband of Marina Y. Hunt; 8) unidentified members of organized crime; 9) the Federal Bureau of Investigation (FBI); 10) the Internal Revenue Service (IRS); and 11) the United States Citizenship and Immigration Services.

The plaintiff alleges that defendants Marina Hunt and Marvin Hayes Hunt committed numerous acts of theft, fraud, falsification of documents, and deletion of unique research data of the plaintiff. The plaintiff alleges that the Hunts filed a lawsuit against him in the United States District Court for the Northern District of Mississippi. He alleges that the lawsuit did not have any merit or legal cause. He alleges that defendants Davidson and Davis conspired with the Hunts and their attorneys (defendants Hicks, Nichols, and Goulson, Hicks & Nichols, P.A.) in connection with the processing of the lawsuit.

2

The plaintiff alleges that the lawsuit in the Northern District of Mississippi caused him significant damage in terms of time, lost projected income, and lost business and research opportunities.

The plaintiff alleges that defendants the FBI, the IRS and the United States Citizenship and Immigration Services failed to investigate the alleged crimes of the other defendants and failed to prevent the alleged harm to the plaintiff.

The plaintiff is seeking compensatory and punitive damages.

On August 9, 2006, defendants Davidson and Davis filed a motion to dismiss the amended complaint and a brief in support of that motion.  Defendants Davidson and Davis contend that the claims against them in the amended complaint should be dismissed because they are entitled to judicial immunity, because this court lacks personal jurisdiction over them and because the plaintiff did not properly effect service on them.  After filing their motion and brief, defendants Davidson and Davis sought and

3

received leave to amend their brief to *inter alia* withdraw their
argument that the plaintiff had not properly served them.

On August 17, 2006, defendants Hicks, Nichols and
Goulson, Hicks & Nichols, P.A. filed a motion to dismiss the
amended complaint and a brief in support of that motion.  These
defendants argue that this court lacks personal jurisdiction over
them.  On August 29, 2006, defendants Hicks, Nichols and Goulson,
Hicks & Nichols, P.A. filed an amendment to their motion to
dismiss correcting a misstatement made in their motion.

On August 23, 2006, defendants Marina and Marvin Hayes
Hunt filed a motion to dismiss the amended complaint and a brief
in support of that motions.  The Hunts contend that the court
lacks personal jurisdiction over them, that the amended complaint
fails to state a claim against them upon which relief can be
granted, and that venue is not proper in this court.

On August 25, 2006, defendants FBI, IRS and United States
Citizenship and Immigration Services filed a motion to dismiss
the amended complaint and a brief in support of that motion.

4

These defendants construe the plaintiff's claims against them as
*Bivens* claims and claims pursuant to the Federal Tort Claims Act
(FTCA).  They argue that the plaintiff has failed to exhaust
administrative remedies under the FTCA, that the plaintiff's
constitutional claims are barred by the doctrine of sovereign
immunity, that the amended complaint fails to state a claim
against them upon which relief can be granted, and that the
plaintiff has not properly served them.

On October 1, 2006, the plaintiff filed a motion to drop
the FBI as a defendant.  The plaintiff labeled his motion to drop
the FBI as both a motion and a brief in support.

II.  Personal Jurisdiction.

Defendants Davidson, Davis, Hicks, Nichols, Goulson,
Hicks & Nichols, P.C., Marina Hunt and Marvin Hayes Hunt contend
that this court lacks personal jurisdiction over them.

"In deciding a motion to dismiss for lack of personal
jurisdiction, we take the allegations of the complaint as true."

5

*Dayhoff Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir. 1996). "But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Id.* "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004).

Federal Rule of Civil Procedure 4 authorizes federal courts to assert personal jurisdiction over non-resident defendants to the extent permissible under the law of the state where the district courts sits. *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d Cir. 1992). The forum state in this case is Pennsylvania. Pennsylvania law permits courts within Pennsylvania to exercise jurisdiction "to the fullest extent allowed under the Constitution of the United States" and provides that jurisdiction "may be based on the most minimum contact with this Commonwealth allowed under the

6

Constitution of the Untied States." 42 Pa.C.S.A. §§ 5322(b).
Thus, this court may properly exercise jurisdiction over the
defendants as long as exercise of that jurisdiction does not
violate due process. *Mellon, supra*, 960 F.2d at 1221.

Personal jurisdiction may be exercised under either the
theory of general jurisdiction or under the theory of specific
jurisdiction.

"When a state has general jurisdiction over a party, that
party can be haled into court in that state 'regardless of
whether the subject matter of the cause of action has any
connection with the forum.'" *Pennzoil Products Co. V. Colelli &
Associates,* 149 F.3d 197, 200 (3d Cir. 1998)(quoting *Farino,
supra* 960 F.2d at 1221)).  "A nonresident's contacts with the
forum must be 'continuous and substantial' to establish general
jurisdiction." *Id.* (quoting *Provident National Bank v. California
Federal Savings & Loan Assoc.,* 819 F.2d 434, 437 (3d Cir. 1987)).

The plaintiff has not alleged or established that the
defendants had the type of continuous and substantial contacts

with Pennsylvania sufficient to support general personal
jurisdiction.  Accordingly, we turn to the question whether the
court has specific personal jurisdiction.

In determining whether this court may exercise specific
personal jurisdiction we examine the relationship among the
defendant, the forum, and the litigation. *Pinker v. Roche
Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002).  "[T]he exercise
of specific personal jurisdiction requires that the 'plaintiff's
cause of action is related to or arises out of the defendant's
contacts with the forum.'" *Toys "R" US, Inc. V. Step Two, S.A.,*
318 F.3d 446, 451 (3d Cir.2003)(quoting *Pinker, supra,* 292 F.3d
at 368).  Beyond this basic nexus, the Due Process Clause
requires "(1) that the 'defendant ha[ve] constitutionally
sufficient 'minimum contacts' with the forum, . . . and (2) that
'subjecting the defendant to the court's jurisdiction comports
with 'traditional notions of fair play and substantial justice.'"
*Id.* (quoting *Pinker, supra,* 292 F.3d at 368).

The events and actions underlying the plaintiff's claims
in this case against defendants Davidson, Davis, Hicks, Nichols,

8

Goulson, Hicks & Nichols, P.C., Marina Hunt and Marvin Hayes Hunt

occurred in Mississippi and there in no relationship between

those claims and the Commonwealth of Pennsylvania.  Apart from

the fact that the plaintiff resides in Pennsylvania, there is no

connection between the claims in this case and Pennsylvania.  The

fact that the plaintiff may have had to respond to discovery

requests in the case in the Northern District of Mississippi from

his residence does not establish a connection between the

Commonwealth of Pennsylvania and the claims in this case.

Moreover, the plaintiff has not established that the defendants

had minimum contacts with the Commonwealth of Pennsylvania.

Accordingly, we conclude this court lacks personal jurisdiction

over defendants Davidson, Davis, Hicks, Nichols, Goulson, Hicks &

Nichols, P.A., Marina Hunt and Marvin Hayes Hunt, and it will be

recommended that the motions to dismiss filed by these defendants

be granted.[1]

---

[1] Given our conclusion that the court lacks personal
jurisdiction over defendants Davidson, Davis, Hicks, Nichols,
Goulson, Hicks & Nichols, P.A., Marina Hunt and Marvin Hayes
Hunt, we have not addressed the other arguments made by these
defendants as to why the amended complaint should be dismissed.

III.  Motion to Drop the FBI.


        On October 1, 2006, the plaintiff filed a motion to drop

the FBI as a defendant.  The plaintiff labeled his motion to drop

the FBI as both a motion and a brief in support.  It will be

recommended that the plaintiff's motion to drop the FBI as a

defendant be granted and that defendant the FBI be dismissed from

this action.


IV.  Motion to Dismiss filed by the IRS and the United States
Citizenship and Immigration Services.[2]


        The plaintiff claims that defendants the IRS and the

United States Citizenship and Immigration Services failed to

investigate the alleged crimes of the other defendants and failed

to prevent the alleged harm to the plaintiff.

---

        [2] The motion to dismiss was filed on behalf of defendant the
FBI as well. However, since will recommend that the plaintiff's
motion to drop the FBI as a defendant be granted we will
analyze the motion as to defendants IRS and United States
Citizenship and Immigrations Services only.

To the extent that the plaintiff is claiming that the IRS and the United States Citizenship and Immigration Services violated his constitutional rights his claim is a *Bivens*[3] claim. However, a *Bivens* claim can be brought only against individual officials and not against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994). Accordingly, the amended complaint fails to state a *Bivens* claim upon which relief can be granted against defendants the IRS and the United States Citizenship and Immigration Services.

The plaintiff has sued defendants the IRS and the United States Citizenship and Immigration Services for omissions and negligence.

28 U.S.C. § 1346(b) provides that the districts courts have jurisdiction over civil actions for claims against the United States for money damages "for injury or loss of property, or personal injury or death, caused by the negligent or wrongful act or omission of any employee of the Government while acting

---

[3] *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971).

11

within the scope of his office or employment, under circumstances
where the United States, if a private person, would be liable to
the claimant in accordance with the law of the place where the
act or omission occurred."  28 U.S.C. § 2679(a) provides that
"[t]he authority of any federal agency to sue and be sued in its
own name shall not be construed to authorize suits against such
federal agency on claims which are cognizable under section
1346(b) of this title, and the remedies provided by this title in
such cases shall be exclusive."

Pursuant to 28 U.S.C. § 2679(a), the plaintiff can not
bring his negligence claims against defendants the IRS and the
United States Citizenship and Immigration Services since the
exclusive remedy for the negligence of employees of those
agencies is a Federal Tort Claims Act claim against the United
States.  Accordingly, the negligence claims against defendants
the IRS and the United States Citizenship and Immigration
Services should be dismissed.[4]

---

[4] We note that the defendants contend that if the amended
complaint is construed as raising a claim under the Federal
Tort Claims Act that claim should be dismissed because the
plaintiff has not exhausted administrative remedies.  However,
(continued...)

12

V.   Recommendations.


     Based on the foregoing, it is recommended that the motion
(doc. 14) to dismiss filed by defendants Davidson and Davis, the
motion (doc. 18) to dismiss filed by defendants Hicks, Nichols,
and Goulson, Hicks & Nichols, P.A., and the motion (docs. 19 &
22) to dismiss filed by defendants Marina Hunt and Marvin Hayes
Hunt be granted on the basis that this court lacks personal
jurisdiction over the moving defendants.  It is further
recommended that the plaintiff's motion (doc. 30) to drop the FBI
as a defendant be granted and that the FBI be dismissed from this
action.  It is further recommended that the motion (doc. 27) to
dismiss file by defendants IRS and United States Citizenship and
Immigration Services be granted.  Finally, it is recommended that
the case be remanded to the undersigned for further proceedings

---

     [4](...continued)
since the plaintiff has not sued the United States and has not
mentioned the Federal Tort Claims Act, we do not construe the
amended complaint as raising a claim under the Federal Tort
Claims Act.

in connection with the motion (doc. 34) for sanctions filed by

defendants Marina Hunt and Marvin Hayes Hunt.[5]


                                        */s/ J. Andrew Smyser*
                                        J. Andrew Smyser
                                        Magistrate Judge


Dated:  November 1, 2006.

_____

  [5] Defendants Marina and Marvin Hayes Hunt filed their motion
for sanctions on October 19, 2006.  As of the date of the
instant Report and Recommendation that motion was not ripe.