UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALEXANDER N. ASANOV,           :        CIVIL NO. 1:06-CV-0611
                               :
          Plaintiff            :        (Judge Conner)
                               :
     v.                        :        (Magistrate Judge Smyser)
                               :
GLEN H. DAVIDSON, et al.,      :
                               :
          Defendants           :

### REPORT AND RECOMMENDATION

The plaintiff commenced this action by filing a complaint on March 23, 2006. On July 26, 2006, the plaintiff filed an amended complaint.

The amended complaint named as defendants: 1) Glen H. Davidson, a United States District Judge for the Northern District of Mississippi; 2) Jerry A. Davis, a United States Magistrate Judge for the Northern District of Mississippi; 3) Goulson, Hicks & Nichols, P.A., a law firm; 4) Dewitt Hicks, Jr., an attorney licensed to practice law in the state of Mississippi and a partner in Goulson, Hicks & Nichols, P.A.;

5) M. Jay Nichols, an attorney licensed to practice law in the state of Mississippi and a partner in Goulson, Hicks & Nichols, P.A.; 6) Marina Y. Hunt, the plaintiff's ex-wife; 7) Marvin Hayes Hunt, the husband of Marina Y. Hunt; 8) unidentified members of organized crime; 9) the Federal Bureau of Investigation (FBI); 10) the Internal Revenue Service (IRS); and 11) the United States Citizenship and Immigration Services.

The plaintiff alleged that defendants Marina Hunt and Marvin Hayes Hunt committed numerous acts of theft, fraud, falsification of documents, and deletion of unique research data of the plaintiff.  He alleged that the Hunts filed a lawsuit against him in the United States District Court for the Northern District of Mississippi.  He alleged that the lawsuit did not have any merit or legal cause.  He alleged that defendants Davidson and Davis conspired with the Hunts and their attorneys (defendants Hicks, Nichols, and Goulson, Hicks & Nichols, P.A.) in connection with the processing of the lawsuit.  The plaintiff alleged that the lawsuit in the Northern District of Mississippi caused him significant damage in terms of time, lost projected income, and lost business and research opportunities.

2

The plaintiff alleged that defendants the FBI, the IRS and the United States Citizenship and Immigration Services failed to investigate the alleged crimes of the other defendants and failed to prevent the alleged harm to the plaintiff.

The plaintiff sought compensatory and punitive damages.

On August 9, 2006, defendants Davidson and Davis filed a motion to dismiss the amended complaint and a brief in support of that motion.  On August 17, 2006, defendants Hicks, Nichols and Goulson, Hicks & Nichols, P.A. filed a motion to dismiss the amended complaint and a brief in support of that motion.  On August 23, 2006, defendants Marina and Marvin Hayes Hunt filed a motion to dismiss the amended complaint and a brief in support of that motion.  On August 25, 2006, defendants FBI, IRS and United States Citizenship and Immigration Services filed a motion to dismiss the amended complaint and a brief in support of that motion.  On October 1, 2006, the plaintiff filed a motion to drop the FBI as a defendant.

On October 19, 2006, defendants Marina and Marvin Hayes filed a motion for Rule 11 sanctions against the plaintiff and a brief in support of that motion.

By a Report and Recommendation dated November 1, 2006, we addressed the defendants' motions to dismiss the amended complaint and the plaintiff's motion to drop the FBI as a defendant.  We analyzed those motions as follows:

> Defendants Davidson, Davis, Hicks, Nichols, Goulson, Hicks & Nichols, P.C., Marina Hunt and Marvin Hayes Hunt contend that this court lacks personal jurisdiction over them.
>
> "In deciding a motion to dismiss for lack of personal jurisdiction, we take the allegations of the complaint as true." *Dayhoff Inc. v. H.J. Heinz Co.,* 86 F.3d 1287, 1302 (3d Cir. 1996). "But once a defendant has raised a jurisdictional defense, a plaintiff bears the burden of proving by affidavits or other competent evidence that jurisdiction is proper." *Id.* "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith,* 384 F.3d 93, 97 (3d Cir. 2004).
>
> Federal Rule of Civil Procedure 4 authorizes federal courts to assert personal jurisdiction over non-resident defendants to the extent

4

permissible under the law of the state where the
district courts sits.  *Mellon Bank (East) PSFS,
Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1221 (3d
Cir. 1992).  The forum state in this case is
Pennsylvania.  Pennsylvania law permits courts
within Pennsylvania to exercise jurisdiction "to
the fullest extent allowed under the Constitution
of the United States" and provides that
jurisdiction "may be based on the most minimum
contact with this Commonwealth allowed under the
Constitution of the Untied States." 42 Pa.C.S.A.
§§ 5322(b).  Thus, this court may properly
exercise jurisdiction over the defendants as long
as exercise of that jurisdiction does not violate
due process.  *Mellon, supra*, 960 F.2d at 1221.

Personal jurisdiction may be exercised under
either the theory of general jurisdiction or
under the theory of specific jurisdiction.

"When a state has general jurisdiction over
a party, that party can be haled into court in
that state 'regardless of whether the subject
matter of the cause of action has any connection
with the forum.'" *Pennzoil Products Co. V.
Colelli & Associates,* 149 F.3d 197, 200 (3d Cir.
1998)(quoting *Farino, supra* 960 F.2d at 1221)).
"A nonresident's contacts with the forum must be
'continuous and substantial' to establish general
jurisdiction." *Id.* (quoting *Provident National
Bank v. California Federal Savings & Loan Assoc.,*
819 F.2d 434, 437 (3d Cir. 1987)).

The plaintiff has not alleged or established
that the defendants had the type of continuous
and substantial contacts with Pennsylvania
sufficient to support general personal
jurisdiction.  Accordingly, we turn to the
question whether the court has specific personal
jurisdiction.

5

In determining whether this court may exercise specific personal jurisdiction we examine the relationship among the defendant, the forum, and the litigation. *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 368 (3d Cir. 2002). "[T]he exercise of specific personal jurisdiction requires that the 'plaintiff's cause of action is related to or arises out of the defendant's contacts with the forum.'" *Toys "R" US, Inc. V. Step Two, S.A.,* 318 F.3d 446, 451 (3d Cir. 2003)(quoting *Pinker, supra,* 292 F.3d at 368). Beyond this basic nexus, the Due Process Clause requires "(1) that the 'defendant ha[ve] constitutionally sufficient 'minimum contacts' with the forum, . . . and (2) that 'subjecting the defendant to the court's jurisdiction comports with 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *Pinker, supra,* 292 F.3d at 368).

The events and actions underlying the plaintiff's claims in this case against defendants Davidson, Davis, Hicks, Nichols, Goulson, Hicks & Nichols, P.C., Marina Hunt and Marvin Hayes Hunt occurred in Mississippi and there in no relationship between those claims and the Commonwealth of Pennsylvania.  Apart from the fact that the plaintiff resides in Pennsylvania, there is no connection between the claims in this case and Pennsylvania.  The fact that the plaintiff may have had to respond to discovery requests in the case in the Northern District of Mississippi from his residence does not establish a connection between the Commonwealth of Pennsylvania and the claims in this case. Moreover, the plaintiff has not established that the defendants had minimum contacts with the Commonwealth of Pennsylvania.  Accordingly, we conclude this court lacks personal jurisdiction over defendants Davidson, Davis, Hicks, Nichols, Goulson, Hicks & Nichols, P.A., Marina Hunt and

6

Marvin Hayes Hunt, and it will be recommended that the motions to dismiss filed by these defendants be granted.

. . .

On October 1, 2006, the plaintiff filed a motion to drop the FBI as a defendant.  The plaintiff labeled his motion to drop the FBI as both a motion and a brief in support.  It will be recommended that the plaintiff's motion to drop the FBI as a defendant be granted and that defendant the FBI be dismissed from this action.

. . .

The plaintiff claims that defendants the IRS and the United States Citizenship and Immigration Services failed to investigate the alleged crimes of the other defendants and failed to prevent the alleged harm to the plaintiff.

To the extent that the plaintiff is claiming that the  IRS and the United States Citizenship and Immigration Services violated his constitutional rights his claim is a *Bivens* claim.  However, a *Bivens* claim can be brought only against individual officials and not against a federal agency. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994).  Accordingly, the amended complaint fails to state a *Bivens* claim upon which relief can be granted against defendants the IRS and the United States Citizenship and Immigration Services.

The plaintiff has sued defendants the IRS and the United States Citizenship and Immigration Services for omissions and negligence.

28 U.S.C. § 1346(b) provides that the districts courts have jurisdiction over civil

7

actions for claims against the United States for
money damages "for injury or loss of property, or
personal injury or death, caused by the negligent
or wrongful act or omission of any employee of
the Government while acting within the scope of
his office or employment, under circumstances
where the United States, if a private person,
would be liable to the claimant in accordance
with the law of the place where the act or
omission occurred."  28 U.S.C. § 2679(a) provides
that "[t]he authority of any federal agency to
sue and be sued in its own name shall not be
construed to authorize suits against such federal
agency on claims which are cognizable under
section 1346(b) of this title, and the remedies
provided by this title in such cases shall be
exclusive."

Pursuant to 28 U.S.C. § 2679(a), the
plaintiff can not bring his negligence claims
against defendants the IRS and the United States
Citizenship and Immigration Services since the
exclusive remedy for the negligence of employees
of those agencies is a Federal Tort Claims Act
claim against the United States.  Accordingly,
the negligence claims against defendants the IRS
and the United States Citizenship and Immigration
Services should be dismissed.

*Doc. 39 at 5-12 (footnotes omitted).*

We recommended that the plaintiff's motion to drop the

FBI as a defendant be granted and that the defendants' motions to

dismiss the amended complaint be granted.  Because the motion for

sanctions filed by the Hunts was not ripe for decision at the

8

time the Report and Recommendation was filed we did not address
that motion in the Report and Recommendation.  However, we did
recommend that the case be remanded to the undersigned for
further proceedings in connection with the motion for sanctions
filed by Hunts.

On November 3, 2006, the plaintiff filed a document
entitled "Response, Protest, Opposition, and Objection to the
Defendants' Hunts Motion for Sanctions."  We have construed this
document as the plaintiff's brief in opposition to the motion for
sanctions.

By an Order dated November 17, 2006, Judge Conner adopted
the November 1, 2006 Report and Recommendation, granted the
plaintiff's motion to drop the FBI as a defendant, granted the
defendants' motions to dismiss and remanded the case to the
undersigned for further proceedings.

By an Order dated February 6, 2007, we granted the
plaintiff's motion to withdraw his claims against the
unidentified members of organized crime.

9

The only remaining matter is the motion for Rule 11 sanctions filed by the Hunts.  The Hunts claim that there is no factual or legal basis for the plaintiff's allegations against them and that the plaintiff filed his claims against them in an attempt to harass them because of his long-standing bitterness against them after his divorce from Marina Hunt and her subsequent marriage to Hayes Hunt.  The Hunts contend that sanctions are warranted and that appropriate sanctions should include an award to them of the attorneys' fees and expenses they incurred in defending the case.

By an Order of February 6, 2007, we scheduled a hearing on the Hunt's motion for Rule 11 sanctions for February 27, 2007. By an Order dated February 22, 2007, we continued the hearing to March 22, 2007.

At the hearing on the motion for sanctions, counsel for the Hunts requested that the plaintiff be sanctioned by being required to make a monetary payment to the court, by being required to pay the Hunts' legal fees in this case, and by being

10

precluded from filing any further actions until he has paid the
two previously-mentioned forms of monetary sanctions.

Two witnesses - Christopher Koller, Esquire, and the
plaintiff, testified as the hearing.  Christopher Koller,
Esquire, an associate with Powell, Trachtman, Logan, Carrle &
Lombardo, PC, testified about the amount of attorneys' fees
incurred by the Hunts in connection with the case.  Koller
testified that the Hunts incurred a total of $14,715.00 in
attorneys' fees in connection with the case.

The plaintiff testified about his scientific work, about
the Hunts' purported involvement in narcotics and criminal and
fraudulent activities, and about the Hunts' purported misuse of
the court system.  The plaintiff denied that he brought this case
against the Hunts for the purpose of harassing them.  When asked
by the court if he consulted with an attorney before initiating
this case and *Asanov v. Hunt,* Civ. No. 1:CV-05-00470 (M.D. Pa.),
against the Hunts, the plaintiff testified that he did consult
with an attorney but that he could not pay the retainer requested
by the attorney and that he no longer has money to pay an

11

attorney.  He testified that after his consultation with an attorney he believed that he could sue the Hunts in this court if the Hunts had minimum contacts with Pennsylvania.  He testified that the effects of Hunts' actions on him in Pennsylvania have been dramatic.

On cross-examination, the plaintiff was asked what evidence he has that the Hunts conspired with the Judges in Mississippi.  The plaintiff pointed to rulings by the judges compelling him to produce documents which he contends were stolen from him by the Hunts and then sanctioning him for failing to produce those documents.  The plaintiff also referred to a book by John Fitzgerald Malloy entitled *The Fraternity: Lawyers and Judges in Collusion* and to his believe that lawsuit abuse is of great concern to this nation.  On cross-examination the plaintiff was asked what factual basis he had for his allegation that the defendants processed the case in Mississippi without any basis. He pointed to a conference with Judge Davidson and the ruling in the Mississippi case.  The plaintiff testified that he believes that this court does have personal jurisdiction over the Hunts.

12

On redirect examination, the plaintiff testified that during the recess he had read Fed.R.Civ.P. 11(b) and that he believes that he followed the letter and spirit of the rule. He testified that he brought this lawsuit to protect his family, employees and business from harassment and that he made numerous sincere attempts to decrease the costs of litigation.

Federal Rule of Civil Procedure 11(b) provides:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
>> (1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>> (3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>> (4) the denials of factual contentions are warranted on the evidence or, if

13

specifically so identified, are reasonably
based on a lack of information or belief.

Federal Rule of Civil Procedure 11(c) provides that the court may impose an appropriate sanction for a violation of subsection (b). The sanctions imposed for violation of the Rule "shall be limited to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated." Fed.R.Civ.P. 11(c)(2). Sanctions "may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys' fees and other expenses incurred as a direct result of the violation." *Id.*

Rule 11 imposes on any party who signs a pleading, motion or other paper "an affirmative duty to conduct a reasonable inquiry into the facts and the law before filing, and . . . the applicable standard is one of reasonableness under the circumstances." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S 533, 551 (1991). The main purpose of

14

Rule 11 is deterrence not compensation. *DiPaolo v. Moran,* 407

F.3d 140, 145 (3d Cir. 2005).  "[T]he guiding purpose in fixing

Rule 11 sanctions is fashioning a sanction adequate to deter

undesirable future conduct." *Id.*

Although a *pro se* complaint is held to less stringent

standards than a complaint drafted by a lawyer, *Haines v. Kerner,*

404 U.S. 519, 520 (1971), *pro se* parties are not excused from the

requirements of Rule 11.  Nevertheless, the court may take a

party's *pro se* status into account when considering Rule 11

sanctions. *Vukadinovich v. McCarthy,* 901 F.2d 1439, 1445 (7th Cir.

1990).

"Although monetary sanctions are not encouraged under

Rule 11, they are not forbidden."  *DiPaulo, supra,* F.3d at 145.

In fashioning an appropriate sanction, the court should consider

mitigating factors, including whether the party has a history of

sanctionable behavior, the need for compensation of the party

seeking sanctions, the degree of frivolousness, and the

willfulness of the violation. *Zuk v. Eastern PA Psychiatric

Institute of the Medical College of PA,* 103 F.3d 294, 301 (3d

Cir. 1996).  Most particularly, in considering whether to impose

monetary sanctions, the court should consider the party's ability

to pay. *Id.*


     After considering the plaintiff's testimony at the

hearing, the undersigned finds that the plaintiff subjectively

believed that the instant case against the Hunts was justified

and that this court had personal jurisdiction over the Hunts.

The plaintiff's testimony that he did not bring this case with

the intent to harass the Hunts was credible.  Nevertheless, the

standard under Rule 11 is an objective one.   We conclude that

the plaintiff did not have a reasonable basis for bringing suit

against the Hunts in this case in this court.


     The court has dismissed the claims in this case against

the Hunts on the basis that this court lacks personal

jurisdiction over the Hunts.  The mere fact that the case was

dismissed for lack of personal jurisdiction does not warrant a

finding of a violation of Fed.R.Civ.P. 11(b).  However, the

plaintiff filed the amended complaint in this case naming the

Hunts after similar claims against the Hunts were dismissed for

lack of personal jurisdiction in *Asanov v. Hunt,* Civ. No. 1:CV-
05-00470 (M.D. Pa.).  Claims similar to the claims in this case
were dismissed in 05-0470 on May 8, 2006 and the plaintiff filed
the amended complaint in this case adding claims against the
Hunts on July 26, 2006.  Given the prior dismissal of similar
claims against the Hunts in 05-0470, we conclude that the
plaintiff did not have a reasonable basis for bringing his claims
in this case against the Hunts in this court.  Accordingly, we
conclude that the plaintiff violated Rule 11(b) and that
sanctions should be imposed.[1]

     Although we conclude that the plaintiff violated Rule
11(b), based on the plaintiff's testimony at the hearing in this
case, we conclude that the plaintiff's violation of Rule 11(b)
was not in bad faith.  The plaintiff's testimony, we believe,

---

[1] We also note that the plaintiff's claims against the Hunts
in this case are based on his allegation that the Hunts
conspired with judges in Mississippi.  However, the only
evidence of such a conspiracy that the plaintiff presented at
the hearing was the fact that the judges made certain rulings
against him and in favor of the Hunts.  Although it appears
that the plaintiff truly believes that the Hunts conspired with
the judges in Mississippi, we conclude that the plaintiff did
not have an objectively reasonable basis to plead a conspiracy
between the judges and the Hunts.

17

reveals that the plaintiff has a fundamental misunderstanding of the federal court system.  Given this misunderstanding and the plaintiff's pro se status, we conclude that monetary sanctions are not appropriate in this case.[2]  Rather, we conclude that a non-monetary directive is a sufficient sanction in this case.  It is recommended that the plaintiff be directed not to file any other lawsuits against the Hunts in this court based on the state and federal court proceedings in Mississippi or on events that occurred in Mississippi without first consulting with an attorney admitted to practice before this court about his specific claims and obtaining an opinion from that attorney that this court would have personal jurisdiction over the Hunts with respect to those claims.

Also pending in this case, is a motion for a preliminary injunction filed by the plaintiff on February 28, 2007.  Given that the plaintiff's claims in this case have been dismissed, it

---

[2] We note that there was little or no evidence presented at the hearing regarding the plaintiff's ability to pay a monetary sanction.

is recommended that the plaintiff's motion for a preliminary injunction be denied.[3]

Based on the foregoing, it is recommended that the Hunts' motion (doc. 34) for sanctions be granted in part and denied in part. It is recommended that the plaintiff be directed not to file any other lawsuits against the Hunts in this court based on the state and federal court proceedings in Mississippi or on events that occurred in Mississippi without first consulting with an attorney admitted to practice before this court about his specific claims and obtaining an opinion from that attorney that this court would have personal jurisdiction over the Hunts with respect to those claims. It is recommended that the motion for

_____

[3] Also pending in this case, are a motion (doc. 56) filed by the plaintiff on March 9, 2007 entitled "Emergency Petition to Chief U.S. District Judge Thomas I. Vanaskie for Preliminary Injunction Appeal about the Extremely Bias Ruling of the Magistrate and Presiding Judges" and a motion (doc. 63) filed by the plaintiff on March 26, 2007 entitled "Motion to Chief US District Judge Thomas Vanaskie to Declare Mistrial, to Appoint *Pro Bono* Attorney, Schedule a Jury Trial, and Disqualify Misconducting Lawyer Potter." These motions are without merit. The plaintiff is admonished that this case is not assigned to Chief Judge Vanaskie, that Chief Judge Vanaskie does not have appellate authority over the rulings of the district court judge in this case, that there is no reasonable basis to file motions addressed to Chief Judge Vanaskie, and that if he continues to do so he may be sanctioned for such conduct.

sanctions be otherwise denied.  It is further recommended that the plaintiff's motion (doc. 53) for a preliminary injunction be denied.

                                                ***/s/ J. Andrew Smyser***

_____                                   J. Andrew Smyser
                                                Magistrate Judge

Dated:  March 27, 2007.